

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MALCOLM CARPENTER and JAMAR EVANS,  )<br>  )<br>  )<br>Movants,  )<br>  )<br>v.  )<br>  )<br>UNITED STATES OF AMERICA,  )<br>  )<br>Respondent.  ) | 04 C 7900<br>05 C 82<br><br>Honorable Charles R. Norgle |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the court are Movants Malcolm Carpenter's and Jamar Evans' Motions to Vacate, Set Aside, or Correct their Sentences brought pursuant to 28 U.S.C. § 2255. Movants Malcolm Carpenter ("Carpenter") and Jamar Evans ("Evans") challenge their sentences for bank robbery (18 U.S.C. §§ 2113(a) and 2113(d) and 2), and brandishing a firearm during the commission of a crime of violence (18 U.S.C. § 924(c)(1)(A) and 2). For the following reasons, the Motions are denied.

### I. BACKGROUND

**A. Facts**

On Wednesday, January 24, 2001, three black males entered the Jewel Food Store located at 6057 South Western Avenue in Chicago. These individuals will be referred to collectively as "Defendants." One of the Defendants, later identified as Antwan Timms, stood near the exit doors of the Jewel Store. The two other Defendants, Carpenter and Evans, approached the

1

counter of the TCF Bank located within the Jewel Store. Carpenter then pulled a black semiautomatic handgun from his waistband, rested it on the counter, and demanded that the tellers give him money. Evans handed the tellers a black plastic bag. The tellers then filled the bag with $21,079 in United States Currency, along with explosive packs of red dye. Carpenter then stuffed the bag into his jacket, and the Defendants left the Jewel Store, with Timms driving the getaway car.

Witnesses later described the lookout and getaway car driver Timms as wearing a white leather designer "Karl Kani" jacket, and blue jeans with a brown tiger emblem on the left leg. Several hours after the robbery, a Chicago Police officer (then unaware that the robbery had occurred) spotted the Defendants acting suspiciously. Timms was still wearing his distinctive outfit. Two days after the robbery, Carpenter paid off the remaining balance on the getaway car, a Lincoln, with red stained currency. The car dealer then took that currency to a nearby bank to make a deposit. Carpenter had purchased this car shortly before the robbery. The Defendants were later placed under arrest. While Carpenter was in the custody of the Chicago Police Department, red stained currency was found in his long johns.

All three Defendants later gave incriminating statements to the police. Surveillance photographs showed Carpenter's and Evan's faces clearly during the robbery, and also showed Timms' Karl Kani jacket. Evans initialed one of these photos. Physical evidence was found in Carpenter's home. Defendants were charged with bank robbery (18 U.S.C. § 2113(a), (d)) and brandishing a firearm during the robbery (18 U.S.C. § 924(c)(1)(A)).

## B. Procedural History

After the court denied Defendants' joint Motion to Suppress, Defendants elected to exercise their right to jury trial. The court severed Timms' trial from that of his co-Defendants.

2

Timms was tried by a jury during August 2001. The jury returned a verdict of guilty on both counts, and the court sentenced him to 141 months in the custody of the Bureau of Prisons, to be followed by 3 years of supervised release. The court also ordered that Timms make restitution in the amount of $18,101. Carpenter and Evans were jointly tried before a jury during December 2001. The jury returned a verdict of guilty on both counts for both Defendants. The court sentenced Carpenter to 141 months in the custody of the Bureau of Prisons, to be followed by 4 years of supervised release. Evans was sentenced to 84 months imprisonment, to be followed by 4 years of supervised release. Both Carpenter and Evans were ordered to make restitution in the amount of $18,101.

Timms then appealed his conviction and sentence to the Seventh Circuit. Timms' counsel, however, filed an Anders brief after determining that all the possible issues that could be raised in Timms' defense were frivolous. See Anders v. California, 386 U.S. 738, 744 (1967) (where appellate counsel for a criminal defendant finds defendant's case "wholly frivolous," counsel may file a brief so advising the court; counsel may also then request permission to withdraw, and the court may then dismiss the appeal). The Seventh Circuit thought counsel's Anders brief adequate, and dismissed the case. United States v. Timms, 74 Fed. Appx. 647 (7th Cir. 2003). Timms then filed a Motion under 28 U.S.C. § 2255. The court denied this Motion on July 13, 2005. Timms v. United States, 375 F. Supp. 2d 781 (N.D. Ill. 2005).

Carpenter and Evans also appealed to the Seventh Circuit, asserting that there was no probable cause to arrest. On September 5, 2003, the Seventh Circuit affirmed. United States v. Carpenter, 342 F.3d 812 (7th Cir. 2003). The Supreme Court denied certiorari on December 1, 2003. Carpenter v. United States, 540 U.S. 1061 (2003). Carpenter and Evans then filed

3

separate Motions under § 2255. Carpenter's Motion was placed on the court's docket on December 7, 2004. Evans' Motion was placed on the court's docket on January 6, 2005. Both Motions are fully briefed and before the court.

## II. DISCUSSION

### A. Standard of Decision

Section 2255 allows a person convicted of a federal crime to vacate, set aside, or correct his sentence. This relief is available only in limited circumstances, such as where an error is jurisdictional, of Constitutional magnitude, or there has been a "complete miscarriage of justice." See Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004). This statute states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255 ¶ 1. If the court determines that any of these grounds exists, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255 ¶ 2. In making that determination, the court must review the evidence and draw all reasonable inferences from it in a light most favorable to the Government. See United States v. Galati, 230 F.3d 254, 258 (7th Cir. 2000); Carnine v. United States, 974 F.2d 924, 928 (7th Cir. 1992).

Section 2255 petitions are subject to various bars, including that of procedural default. Section 2255 petitions are "'neither a recapitulation of nor a substitute for a direct appeal.'" McCleese v. United States, 75 F. 3d 1174, 1177 (7th Cir. 1996) (citations omitted). Therefore, a

4

§ 2255 motion cannot raise: (1) issues that were raised on direct appeal, unless there is a showing of changed circumstances; (2) non-Constitutional issues that could have been raised on direct appeal, but were not; and (3) Constitutional issues that were not raised on direct appeal. See Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992) (overruled on other grounds by Castellanos v. United States, 26 F.3d 717 (7th Cir. 1994)).

There are two exceptions to the procedural default rule: (1) if the movant demonstrates cause for failing to raise the issue and actual prejudice resulting therefrom; or (2) the court's refusal to consider the Constitutional issue would result in a fundamental miscarriage of justice, which requires a showing of actual innocence. See Belford, 975 F.2d at 313 (collecting authority); see also McCleese, 75 F.3d at 1177-78 (discussing fundamental miscarriage of justice). In light of these principles, the court examines Carpenter's and Evans' Motions.

## B. Carpenter

### 1. Timeliness

Before addressing the merits of Carpenter's Motion, the court must first examine the threshold issue of whether his Motion was timely filed. A § 2255 Motion usually must be filed within one year of the date on which the Movant's conviction became final. 28 U.S.C. § 2255. If a defendant unsuccessfully attempts to take his or her case to the Supreme Court, the judgment of conviction becomes final the date the petition for certiorari is denied. United States v. Marcello, 212 F.3d 1005, 1008 (7th Cir. 2000). In these cases, "[t]he first day of the 1– year limitation period is the day after the Supreme Court denies certiorari, giving defendants until the close of business on the anniversary date of the certiorari denial to file their habeas motions." Id. at 1010.

In Carpenter's case, his conviction became final on the date the Supreme Court denied certiorari, December 1, 2003. Carpenter therefore had until the close of business on December 1, 2004 to timely file his § 2255 Motion. Because Carpenter is incarcerated, his § 2255 Motion is considered properly filed when given to the proper prison authorities, not when received by the district clerk. See Guyton v. United States, 453 F.3d 425, 426 (7th Cir. 2006); Jones v. Bertrand, 171 F.3d 499, 502 (7th Cir. 1999). Carpenter delivered his § 2255 Motion to the prison authorities on November 29, 2004, within the statutory time frame. He has submitted a signed, notarized declaration to this effect. The Government, however, asserts that Carpenter's original Motion violated Rule 2(b) of the Federal Rules Governing § 2255 Proceedings by failing to provide any facts in support of his claims for relief. Carpenter's original Motion asserted that his forthcoming Memorandum in support of his Motion would provide the factual basis for his claims for relief. Carpenter filed this Memorandum on December 16, 2004, but the government asserts that because this Memorandum was filed after the statutory time frame had expired, his original Motion should be dismissed as untimely.

The court finds that Carpenter's Motion is timely filed. The Advisory Committee Notes to Rule 2's 2004 Amendments make it clear that district courts are not to adopt an overly literal interpretation of Rule 2(b).

> Now that a one-year statute of limitations applies to motions filed under § 2255, see 28 U.S.C. § 2244(d)(1), the court's dismissal of a motion because it is not in proper form may pose a significant penalty for the moving party, who may not be able to file another motion within the one-year limitations period . . . The Committee believed that the better procedure was to accept the defective motion and require the moving party to submit a corrected motion that conforms to Rule 2(b).

The court will therefore examine Carpenter's Motion on its merits.

### 2. Carpenter's Claims for Relief under § 2255

#### a. ineffective assistance of counsel before trial

Carpenter argues that his attorney was ineffective in (1) failing to properly investigate the circumstances surrounding testimony he asserts ran afoul of Bruton v. United States, 391 U.S. 123 (1968), and (2) failing to properly investigate the case. In order to establish that his trial counsel was ineffective, Carpenter must "show that [his] counsel's performance was deficient, and that the deficiency prejudiced [his] defense." See Wiggins v. Smith, 539 U.S. 510, 521 (2003) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). An attorney's performance is deficient if it falls "below an objective standard of reasonableness." Wiggins, 539 U.S. at 521 (quoting Strickland, 466 U.S. at 688). Prejudice is established by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Benefiel v. Davis, 357 F.3d 655, 662 (7th Cir. 2004) (quoting Strickland, 466 U.S. at 694). An ineffective assistance of counsel claim may be brought in a § 2255 motion, regardless of whether the claim was raised on appeal. Massaro v. United States, 538 U.S. 500, 504 (2003).

When a court reviews an ineffective assistance of counsel claim, the court's review is "highly deferential" to the attorney, "with the underlying assumption that 'counsel's conduct falls within the wide range of reasonable professional assistance.'" United States v. Holman, 314 F.3d 837, 840 (7th Cir. 2002) (quoting Strickland, 466 U.S. at 689). There is therefore a strong presumption that Carpenter's counsel at trial performed reasonably. See Strickland, 466 U.S. at 690; see also Cooper v. United States, 378 F.3d 638, 641 (7th Cir. 2004). To succeed in his claim, Carpenter must show "errors so serious that counsel was not functioning as the 'counsel'

7

guaranteed [to him] by the Sixth Amendment . . . ." See Holman, 314 F.3d at 839 (quoting Strickland, 466 U.S. at 687). In rare cases, an attorney's failure to investigate or call certain witnesses can constitute ineffective assistance of counsel. See Hampton v. Leibach, 347 F.3d 219 (7th Cir. 2003); Sullivan v. Fairman, 819 F. 2d 1382, 1390 (7th Cir. 1987).

As to the Bruton issue, the question before the court is not whether the court erred in admitting this testimony, but whether defense counsel was constitutionally inefficient for failing to properly investigate the circumstances pertaining to the introduction of these statements. The government argues, and the court agrees, that counsel's alleged failure to investigate the factual circumstances regarding these statements could not have prejudiced Carpenter. The evidence presented at trial against Carpenter was overwhelming. The government introduced a clear surveillance photograph of Carpenter brandishing a gun at the bank. Carpenter paid off the balance on the getaway car with red stained currency, and red stained currency was found in his long johns. Carpenter gave an incriminating statement to the police. Witnesses to the robbery identified Carpenter in a lineup. Physical evidence was found at Carpenter's home. Since Carpenter cannot establish the prejudice prong of the Strickland test, see 466 U.S. at 694, he cannot establish that counsel was constitutionally ineffective in failing to properly investigate any potential Bruton issues.

Carpenter next asserts that counsel failed to conduct a proper pretrial investigation of this case. However, Carpenter fails to establish what type of exculpatory evidence this investigation would have uncovered, or how his defense would have been helped by this evidence. A § 2255 petitioner alleging ineffective assistance of counsel due to counsel's failure to investigate has the "burden of providing . . . a comprehensive showing as to what the investigation would have

produced." Hardamon v. United States, 319 F.3d 943, 951 (7th Cir. 2003); see also United States v. Hubbard, 929 F. 2d 307, 310-11 (7th Cir. 1991). Carpenter has failed to meet this burden. Because Carpenter cannot establish that he was prejudiced by counsel's alleged failure to investigate Bruton issues before trial, and because he has failed to meet his burden under Hardamon, his first claim for relief under § 2255 fails.

### b. ineffective assistance of counsel regarding potential interlocutory appeal

Carpenter next argues that counsel was ineffective for failing to file an interlocutory appeal of this court's denial of his Motion to Suppress. This assertion is meritless. It has long been settled law that "a defendant may not take an interlocutory appeal from an order denying a motion to suppress evidence." United States v. Calandra, 706 F.2d 225, 227 (7th Cir. 1983); DiBella v. United States, 369 U.S. 121, 131 (1962); United States v. Dorfman, 690 F.2d 1217, 1222 (7th Cir. 1982). Carpenter's second claim for relief under § 2255 therefore fails.

### c. Booker claim

Carpenter also argues that his sentence violates the rule affirmed by the Supreme Court in United States v. Booker: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. 220, 244 (2005). The Seventh Circuit has held that "Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005." McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005); see also United States v. Paladino, 401 F.3d 471, 481 (7th Cir. 2005). Carpenter's sentence became final on December 1, 2003, the date the United States Supreme Court denied his petition for writ of certiorari.

Carpenter's Booker claim is therefore barred under the time constraints explained in McReynolds and Paladino. Carpenter's third claim for relief under § 2255 therefore fails.

### d. ineffective assistance of counsel on appeal

Finally, Carpenter argues that his appellate counsel was ineffective for failing to raise the following issues on appeal: Miranda and Bruton violations, prosecutorial misconduct, and improper vouching. "The Sixth Amendment right of effective assistance of counsel applies to a criminal defendant's trial, sentencing, and the first appeal of right." Jones v. Welborn, 877 F. Supp. 1214, 1219 (S.D. Ill. 1994) (citing Pennsylvania v. Finley, 481 U.S. 551 (1987)). The familiar Strickland standard therefore applies to defense counsel's performance both at trial, and on direct appeal. See Lee v. Davis, 328 F.3d 896, 900 (7th Cir. 2003); Winters v. Miller, 274 F.3d 1161, 1167 (7th Cir. 2001). Appellate counsel's performance is objectively unreasonable "if counsel fails to appeal an issue that is both obvious and clearly stronger than the one that was raised." Winters, 274 F.3d at 1167. Prejudice is established where failing to raise such an issue "'may have resulted in a reversal of the conviction, or an order for a new trial.'" Id. (quoting Mason v. Hanks, 97 F.3d 887, 893 (7th Cir. 1996)); see also Lee, 328 F.3d at 900.

In this case, Carpenter does not explain why the issues he asserts counsel should have raised on appeal are "obvious and clearly stronger" than the issue counsel did raise. See Winters, 274 F.3d at 1167. Carpenter also does not explain why or how raising these issues could have resulted in a reversal or a new trial. See Mason, 97 F.3d at 893. Carpenter's fourth and final claim for relief under § 2255 therefore fails.

## C. Evans

### 1. *Timeliness*

Before addressing the merits of Evans' § 2255 Motion, the court must first examine the threshold issue of whether his Motion was timely filed. Evans' conviction became final on December 1, 2003, the day the Supreme Court denied his petition for writ of certiorari. Evans therefore had until the end of business on December 1, 2004 to timely file his Motion. Evans has submitted a signed Declaration pursuant to 28 U.S.C. § 1746 which indicates that he delivered his Motion to the prison authorities with postage prepaid on November 29, 2004. See Guyton, 453 F.3d at 426; Federal Rule Governing § 2255 Proceedings 3(d). The court therefore finds that Evans' § 2255 Motion was timely filed.

### 2. *Evans' Claims for Relief under § 2255*

#### a. *the court constructively amended the indictment*

Evans first asserts that the court constructively amended the indictment by instructing the jury that it could convict Evans on the charged crimes if it found beyond a reasonable doubt that Evans was guilty of the unindicted crimes of conspiracy to commit bank robbery and conspiracy to brandish a weapon. "Constructive amendment of the indictment can occur when either the government (usually during its presentation of evidence and/or its argument), the court (usually through its instructions to the jury), or both, broadens the possible bases for conviction beyond those presented by the grand jury." United States v. Alhalabi, 443 F.3d 605, 614 (7th Cir. 2006) (quoting United States v. Jones, 418 F.3d 726, 729 (7th Cir. 2005)) (internal quotation marks omitted). A constructive amendment of an indictment runs afoul of the Fifth Amendment, "which states in pertinent part that 'no person shall be held to answer for a capital, or otherwise

11

infamous crime, unless on a presentment or indictment of a Grand Jury.'" United States v. Folks, 236 F.3d 384, 390 (7th Cir. 2001); see also Alhalabi, 443 F.3d at 614.

In this case, Evans' assertion that the court constructively amended the indictment is procedurally barred because he did not bring it on direct appeal. See Belford, 975 F.2d at 313. This assertion is also meritless. It is settled law in the Seventh Circuit that "'it is not essential that the indictment contain a separate count charging conspiracy in order to take advantage of the doctrines peculiar to conspiracy.'" United States v. Macey, 8 F.3d 462, 468 (7th Cir. 1993) (quoting United States v. Wilson, 506 F.2d 1252, 1257 (7th Cir. 1974)); United States v. Joyce, 499 F.2d 9, 16 (7th Cir. 1974). Put another way, a court may instruct a jury that it may convict a defendant of a crime if the jury finds that the defendant was guilty of a conspiracy to commit that crime, regardless of whether the indictment contained a specific charge of conspiracy. Macey, 8 F.3d at 468. Evans' first claim for relief under § 2255 therefore fails.[1]

### b. *ineffective assistance of counsel at trial*

Evans next asserts that his defense attorney was constitutionally ineffective for failing to properly object to a government exhibit which purported to show that the bank was insured by the "FDIC" (the Federal Deposit Insurance Corporation). He argues that the "FDIC certificate" offered into evidence failed to demonstrate that the bank was federally insured on the day of the robbery. There is no question that "[w]hen prosecuting a defendant under the federal bank robbery statute, the government must prove the federally insured status of the bank as an element

---

[1] The court notes that Evans argues that his attorney's failure to object to this "constructive amendment" of the indictment constitutes ineffective assistance of counsel, and that this ineffectiveness constitutes "cause" for his failing to bring this issue on appeal. Counsel was not constitutionally ineffective for failing to make what would have been a frivolous argument.

of the offense." United States v. Taylor, 728 F.2d 930, 933 (7th Cir. 1984). In this case, Evans admits that the certificate shown indicated that the bank was federally insured as of April 2000. Evans also admits that a bank supervisor testified that the bank was insured by the FDIC at the time of the robbery. It is well-established in the Seventh Circuit, as well as other federal Circuit Courts of Appeals, that such testimony is sufficient to establish that a bank is federally insured. Id.; see also United States v. Gallop, 838 F.2d 105, 111-112 (4th Cir. 1988); United States v. Baldwin, 644 F.2d 381, 385 (5th Cir. 1981); United States v. Campbell, 616 F.2d 1151, 1153 (9th Cir. 1980). Evans' attorney was not constitutionally ineffective for failing to make what would have been another frivolous argument. Evans' second claim for relief under § 2255 therefore fails.

### c. *ineffective assistance of counsel on appeal*

Evans also asserts that his appellate attorney was constitutionally ineffective for failing to raise the constructive amendment issue. This argument is meritless. Counsel was not constitutionally ineffective for failing to raise what would have been yet another frivolous argument. See Macey, 8 F.3d at 468; Wilson, 506 F.2d at 1257; Joyce, 499 F.2d at 16. Evans' third claim for relief under § 2255 therefore fails.

### d. *Booker claim*

Finally, Evans raises what appears to be a Booker claim regarding his sentencing. Evans' sentence became final on December 1, 2003, the date the United States Supreme Court denied his petition for writ of certiorari. Evans' Booker claim is therefore barred under the time constraints explained in McReynolds and Paladino. Evans' fourth and final claim for relief under § 2255 therefore fails.

## III. CONCLUSION

For the foregoing reasons, and Carpenter's and Evans' Motions to Vacate, Set Aside, or Correct their Sentences brought pursuant to 28 U.S.C. § 2255 are denied.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

Dated: June 22, 2007